UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

TROY DUNLAP,

          Petitioner,

v.

STATE OF MINNESOTA,

          Respondent.

Civil No. 07-993 (PAM/AJB)

**REPORT AND RECOMMENDATION**

---

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. (Docket No. 1.) The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Petitioner's habeas corpus petition be summarily dismissed for lack of jurisdiction, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

Petitioner was convicted of two separate (but related) state criminal offenses in July 2001 and September 2001. As a result of those convictions, he received prison sentences of 144 months and 48 months. Petitioner is currently serving his sentences at the Prairie Correctional Facility in Appleton, Minnesota.

Petitioner has challenged his 2001 state court convictions and sentences in three previous habeas corpus petitions filed in this District. <u>Dunlap v. State of Minnesota</u>, Civil

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

No. 03-2478 (PAM/AJB) (hereafter "Dunlap I"), Dunlap v. State of Minnesota, Civil No. 05-786 (PAM/AJB) (hereafter "Dunlap II"), and Dunlap v. Minnesota District Court, Civil No. 05-1667 (PAM/AJB) (hereafter "Dunlap III").  In Dunlap I, the Court considered Petitioner's challenge to his initial conviction and sentence from July 2001, and dismissed his habeas corpus claims with prejudice.  Dunlap II was dismissed without prejudice, for failure to prosecute.  In Dunlap III, the Court considered Petitioner's challenge to his second conviction and sentence from September 2001.  Dunlap III was dismissed, with prejudice, because it was found to be time-barred.

Thus, the Court finds that Petitioner has already sought federal habeas corpus review of both of the convictions and sentences at issue here, and that Petitioner's prior habeas challenges to both of those convictions and sentences were dismissed with prejudice.  It follows, for reasons discussed more fully below, that Petitioner's current habeas corpus petition must be viewed as a "successive petition," which cannot be entertained at this time.

**II. DISCUSSION**

On April 24, 1996, President Clinton signed the Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), which effected significant changes to the federal habeas corpus statutes.  One of those changes appears at 28 U.S.C. § 2244(b), which established new rules governing second and successive petitions.[2]  Section 2244(b) prohibits a district court

---

[2] 28 U.S.C. § 2244(b) now provides as follows:

"**(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed. **[continued....]**

from entertaining a second or successive application for habeas corpus relief filed by a state prisoner, unless the prisoner has first obtained authorization from the appropriate

---

**(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–

**(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
**(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
 **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

 **(3)(A)** Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
**(B)** A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
**(C)** The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
**(D)** The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
**(E)** The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

**(4)** A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section."

court of appeals allowing him to file another petition. 28 U.S.C. § 2244(b)(3)(A). See Cox v. Norris, 167 F.3d 1211, 1212 (8th Cir. 1999) (prisoner must receive authorization from the Court of Appeals before a district court can consider a second or successive application for habeas corpus relief).

It plainly appears that the petition now before this Court is Petitioner's second (or more) application for federal habeas corpus review of his two state criminal convictions and sentences from 2001. Because Petitioner's previous attempts to challenge those convictions and sentences were dismissed with prejudice in Dunlap I and Dunlap III, the Court finds that the present action must be viewed as a "second or successive petition" for purposes of § 2244(b). As such, the present action cannot be entertained without pre-authorization from the Eighth Circuit Court of Appeals. Because Petitioner has not shown that he has obtained such pre-authorization, his current petition must be dismissed for lack of jurisdiction. Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996); Chadwick v. Graves, 110 F.Supp.2d 1110, 1114, (N.D.Iowa 2000); Wainright v. Norris, 958 F.Supp. 426, 431-32 (E.D.Ark. 1996).

The Court will recommend that this action be dismissed without prejudice, so that Petitioner can resubmit his habeas claims <u>in a new action</u>, <u>if he is able to secure a pre-authorization order from the Court of Appeals</u> as required by § 2244(b)(3)(A).[3] Petitioner

---

[3] There is some case law suggesting that an action barred by § 2244(b)(3)(A) can be transferred to the appropriate court of appeals pursuant to 28 U.S.C. § 1631, rather than simply dismissed. See e.g., Liriano v. United States, 95 F.3d 119, 122-23 (2nd Cir. 1996); Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997); In re Sims, 111 F.3d 45, 47 (6th Cir. 1997). It would not be advisable, however, to follow that approach here. The Court of Appeals will not authorize the filing of another habeas petition in the District Court unless Petitioner can meet the standard prescribed at § 2244(b)(2). Because Petitioner has made no attempt to meet that standard in his present submissions, the Court of

4

should carefully note, however, that <u>this District Court will not entertain any future habeas petition pertaining to either of his 2001 state criminal convictions and sentences, unless such petition is accompanied by a pre-authorization order from the Eighth Circuit Court of Appeals.</u>[4]

### III. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT:**

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be DENIED; and

2. This action be summarily DISMISSED WITHOUT PREJUDICE, for lack of jurisdiction.

Dated: February 13, 2007                         s/ Arthur J. Boylan
                                                 ARTHUR J. BOYLAN
                                                 United States Magistrate Judge

---

Appeals could not -- on the basis of the existing record -- grant the pre-authorization that Petitioner needs. 28 U.S.C. § 2244(b)(3)(C). It therefore makes more sense to dismiss the present action, and require Petitioner to file a separate motion for pre-authorization directly with the Court of Appeals, as contemplated at § 2244(b)(3). That will allow Petitioner to fully explain to the Court of Appeals why he believes he meets the requirements of § 2244(b)(2), and why he should therefore be allowed to file another habeas corpus petition in this District.

[4] Because the Court presently lacks jurisdiction in this matter based on the rules governing successive petitions, the timeliness of the instant petition will not be addressed here. It should be noted, however, that even if Petitioner were to obtain Circuit Court permission to file another habeas petition, he would still have to overcome the one-year statute of limitations, (<u>see</u> 28 U.S.C. § 2244(d)), before that new petition could be reviewed on the merits in the District Court. Given the vintage of Petitioner's state criminal convictions and sentences, (and the fact that at least one of Petitioner's prior petitions was previously found to be time-barred), it is difficult to imagine how Petitioner might overcome the statute of limitations, even if the Circuit Court were to excuse him from the rule barring successive petitions.

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before March 1, 2007.